UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-387-GWU

DONNA KAY ALLEN,                                                                    PLAINTIFF,

VS.                             **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.

### INTRODUCTION

Donna Allen originally brought <u>Allen v. Barnhart</u>, London Civil Action No. 08-387 (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income.  After a period of administrative reconsideration prompted by the court granting the defendant's Motion to Remand on November 30, 2006 (Tr. 330), it is again before the undersigned on cross-motions for summary judgment.

### APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); <u>Crouch v. Secretary of Health and Human Services</u>, 909 F.2d 852, 855 (6th Cir. 1990).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a

1

whole and must take into account whatever in the record fairly detracts from its weight.  Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims.  See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985).  Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to

perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework

for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Allen, a 50-year-old former receptionist, cashier, court clerk, and bookkeeping clerk with a high school education, suffered from impairments related to lupus and the residuals of myocardial infarction.  (Tr. 301-302).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 305).  Since the claimant was found able to return to her past relevant work as a receptionist, bookkeeping clerk and court clerk, she could not be considered totally disabled.  (Tr. 305-306).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the

06-387  Donna Kay Allen

current record also does not mandate an immediate award of Social Security benefits. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant.

In determining that Allen could return to her past relevant work, the ALJ relied heavily upon the information provided by Vocational Expert Bill Ellis. The hypothetical question presented by the ALJ included an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) an inability to stand or walk for more than three hours in an eight-hour day; (2) an inability to sit for more than six hours in an eight-hour day; and (3) a need to avoid exposure to excessive levels of dust, smoke, fumes, gases, temperature extremes or high humidity. (Tr. 677). In response, Ellis testified that Allen's work as a receptionist, bookkeeping clerk and court clerk could still be performed. (Id.). The ALJ then added a sit/stand option in 30-minute intervals. (Tr. 678). The aforementioned jobs could still be done. (Id.). The ALJ relied upon this information to support the administrative decision.

The ALJ did not properly evaluate Allen's physical condition. Dr. Satya Chatterjee, the plaintiff's treating cardiologist, reported on February 19, 2007 that she would be restricted from lifting more than 10 pounds occasionally, sitting for less than a total of two hours in an eight-hour day, standing or walking less than a total of two hours in an eight-hour day, unable to ever bend or twist, and with a need

5

to avoid temperature extremes, high humidity, wetness, noise, fumes, odors, dusts or gases, and hazards. (Tr. 621-622). These are far more severe physical restrictions than those presented to the vocational expert. The Work History Report reveals that the severe sitting, standing, and walking restrictions noted by the treating physician would preclude the past relevant work. (Tr. 101, 104-105). The ALJ rejected Dr. Chatterjee's opinion because he did not believe that it was well-supported by objective medical data. (Tr. 304). However, the doctor noted that cardiac catheterization had revealed significant stenosis in the left anterior descending artery and that a Holter Monitor reading had revealed tachycardia. (Tr. 619). Thus, at least some objective medical data supports the opinion.

More severe physical restrictions than those found by the ALJ were also noted by Dr. Jackie Maxey, Allen's family physician, in March of 2004. Dr. Maxey opined that the plaintiff would be limited to light level work, restricted from a full range by an inability to stand or walk for more than two hours during an eight-hour day, sit for more than two hours in an eight-hour day, with a need to alternate position in five- to ten-minute intervals, and to lie down during the work shift. (Tr. 250). The ALJ also rejected the opinion of Dr. Maxey because he did not believe that it was well-supported by objective medical data. (Tr. 303-304). However, the doctor's opinion at least suggests the existence of more severe physical restrictions than those found by the ALJ.

06-387  Donna Kay Allen

The ALJ relied instead upon the opinion issued in March of 2006 by Lisa Prather (Tr. 575-582), a non-examining medical reviewer (Tr. 304).  However, the ALJ's reliance upon Prather was problematic.  Prather was not a licensed physician and, so, was not an "acceptable medical source" under the federal regulations.  20 C.F.R. § 404.1513.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for their differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  The reviewer saw the record in March of 2006.  (Tr. 582).  Thus, she did not have the opportunity to see and comment upon the opinion of Dr. Chatterjee, the treating cardiologist, from February of 2007 (Tr. 613-622), nor such exhibits as that of Kishore Internal Medicine from November, 2006 (Tr. 584-587) and the staff at Marymount Medical Center from November, 2006 (Tr. 588-611).  Furthermore, Social Security Ruling 96-6p indicates that when the examiner is also a treating source, then the reviewer should have seen a _complete_ record which includes information from a specialist which is more detailed and comprehensive than that available to the treating source.  Blakley v. Commissioner of Social Security, No. 08-6270, slip op. at 13 (6th Cir. September 24, 2009).  Since Prather did not see a complete record, the ALJ should not have relied upon her opinion.

Dr. Jorge Baez-Garcia in January of 2004 (Tr. 206-212) and again in June of 2006 (Tr. 566-574), and Dr. John Rawlings in May of 2004 (Tr. 213-221), also

7

06-387  Donna Kay Allen

reviewed the record and identified physical restrictions.  However, these physicians also did not see a complete record and did not have the opportunity to comment upon the opinion of Dr. Chatterjee and, so, they cannot be used to support the administrative decision.  Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion to this extent and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of September, 2009.

**Signed By:**
**G. Wix Unthank**
**United States Senior Judge**